IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF          :

ISMAEL TRINIDAD PERALES,   :     CASE NO. 03-12959(SEK)

    DEBTOR              :     CHAPTER 7

--------------------------------

WIGBERTO LUGO MENDER, as    :
Trustee for the estate of
Ismael Trinidad Perales,

    PLAINTIFF            :     ADV. NO. 07-00002

        v.               :
JOSE DANIEL PEREZ OQUENDO,
JESSICA RIVERA RIVERA AND    :
CONJUGAL SOCIETY,
    DEFENDANTS           :

--------------------------------

> **FILED & ENTERED**
>
> **1 1 JUL 2008**
>
> CLERK
> U.S. BANKRUPTCY COURT
> SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

Does the evidence (testimonial and documentary) admitted during the trial of this adversary proceeding show the Defendants owe this estate in bankruptcy $20,000?

The parties agree that Debtor sold his general store (including its good will, inventory and equipment), executed an option to purchase the land and building where it was located, and during the pendency of the option contract, leased the land and building to the prospective Buyers/Defendants, while the estate was being administered and without notice, hearing, Court or Trustee approval. This sale generated the controversies in question: the agreed sale's price and its full payment by the



Buyers.

According to the Debtor, the sales price was $70,000. Buyers paid $54,000 to the Debtor or his suppliers and executed a note for the $20,000 difference on June 24, 2004. The Buyers claim the sales price was $54,000 which was fully paid. They executed the $20,000 at the behest of the Debtor to help him hoodwink the taxing authorities. Debtor shrugged off their request for delivery of the note, postponing this matter until the sale was uncovered by the Trustee. Debtor delivered the note to the Trustee who is now attempting to collect $20,000 it from the Buyers.

While this is admittedly a close call, we rule in favor of the Trustee for the following reasons. First, the Trustee has possession of a note showing the Buyers owes $20,000 to the Debtor and his estate in bankruptcy. Second, the checks which Buyers argue evidence full payment of the sale's price add up to $54,500, not $54,000. The checks are all dated after issuance of the note. If the price was indeed $54,000, why would the Buyers pay an extra $500.00, and make the last payment without requiring the Debtor to deliver the note? Furthermore, if the Buyers issued the note to help the Debtor hide this income from the taxing authorities, why didn't he provide us with Debtor's tax returns that could have substantiated this argument? Therefore, we find the evidence submitted by the Buyers does not overcome



2

the presumption in favor of the holder of the note, that their obligation to honor the note is alive and has not been extinguished. *Muñoz vda. de Alonso v. Luyando*, 53 D.P.R. 349 (1938), (*questioned on other grounds in Valcourt v. Iglesias, 78 D.P.R. 630, 644 (1955)*). In sum, the presumption created by law that has not been overcome tips the balance in favor of the estate.

WHEREFORE, we rule in favor of the Trustee, ordering the Buyers to pay this estate in bankruptcy the sum of US$20,000 forthwith in exchange for delivery of the note now held by the Trustee. Trustee is awarded costs in an amount to be assessed upon his filing a Bill of Costs within ten days. Attorney's fees are not awarded because this was a close call and Defendants were entitled to defend themselves.

SO ORDERED, in San Juan, Puerto Rico, on July 11 , 2008.

SARA DE JESUS
U.S. Bankruptcy Judge